## CALLINAN v. FEDERAL CASH REGIS-TER CO. et al.

### No. 1341.

District Court, W. D. Missouri, W. D.

Dec. 17, 1942.

Granoff & Meyerhardt, of Kansas City, Mo., for plaintiff.

Sam D. Parker, of Kansas City, Mo., for defendant Federal Cash Register Co.

Andrew J. Haverstick, of St. Louis, Mo., for defendant General Engineering & Mfg. Co.

REEVES, District Judge.

The question for decision is whether the complaint states a cause of action. Two of the defendants have challenged the sufficiency of the complaint but the other, namely, the General Engineering and Manufacturing Co., has answered.

The moving defendants challenge the sufficiency of the averments of the several counts of the complaint. There are five counts. The first three are for money had and received. These three counts apparently affect the moving defendants only. The last two counts are for damages arising from alleged fraud and generally charge all the defendants with participation. The moving defendants say that the averments in the first three counts are insufficient because the origin of the indebtedness as well as the time when it occurred is not set out. The objection is not well lodged. The Supreme Court, in promulgating its rules, submitted for the use of the bar a form to be employed in suits for money had and received. The complaint under consideration fully conforms to that model. It is unnecessary to allege the origin of the debt, but simply to state approximately the time of its alleged creation. This has been done.

Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directs that a complaint must contain: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief, * * *." If the defendants became indebted to the plaintiff for money had and received at the times indicated (being within the statute of limitations), he is entitled to the relief prayed.

A question might arise on the matter of a misjoinder of parties although a motion to dismiss is not the remedy.

On the first three counts of the petition a joint cause of action is stated only against the two moving defendants. The pleader does not pretend to state a cause of action against the answering defendant on these three counts. There is no reason, however, why these should not be treated separately from the last two counts upon the present petition. The defendants will not be handicapped because of this fact. It means two suits in one complaint.

The last two counts are predicated upon fraud and the averments are quite precise in setting out the nature of the fraud and the time it is alleged to have been committed. Such averments are that the two moving defendants were acting for the plaintiff in purchasing machinery from the answering defendant. It is alleged that false and inflated invoices were

used; that such invoices were fraudulently made up by the answering defendant with knowledge that they would be used by the moving defendants. Such averments were sufficient to show fraud.

It follows that the motions of each of said defendants should be overruled.

Twenty days will be granted them to answer or plead further.