Lowell Hoit and Company, Appellant, v. Alvin Detig et al., Appellees.

Gen. No. 9,893.

Opinion filed July 8, 1943. Rehearing denied September 21, 1943.

CHARLES M. HAFT, of Chicago, for appellant.

WILLIAMS & DUNN, of Rockford, and STEVEN HELFER, of Rochelle, for certain appellees.

PAUL F. O'NEIL, of Rochelle, for certain other appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an action against appellees to recover for an alleged wilful conversion of grain belonging to appellant, and has to do with liability of corporate directors for corporate torts or acts of subordinate officers. Appellees were directors in a farmers co-operative grain company, which operated an elevator under the

corporate name of Steward Co-operative Grain Company. The management, supervision and conduct of the elevator business was in charge of Claude V. Herrmann, who was also a defendant in this suit. Appellees denied the conversion, alleging they had no knowledge of any arrangements by appellant with the manager of the elevator for the storing of oats, and had no knowledge of the action of the said Herrmann with respect to such oats. The case was heard by the court. Judgment was entered for plaintiff appellant against Claude V. Herrmann, for the amount claimed. Judgment was also entered in favor of defendant directors, and plaintiff brings this appeal.

It appears that in July 1939, appellant entered into what is termed a lease agreement with the Steward Co-operative Grain Company, a corporation, by and through its manager Herrmann, whereby appellant, for the sum of One Dollar and one half the net profits, became the lessee of certain bins in the elevator for storage of grain. It is charged in the complaint that appellant had 12,000 bushels of oats stored in the bins, pursuant to the above agreement, that the elevator company shipped and sold 9,081 bushels of such oats without the knowledge or consent of appellant, and failed to account for the proceeds thereof. It also alleged that the market value of such oats was $2,724.06.

It appears the appellees had no knowledge of the agreement made by Herrmann with appellant, or that he had stored in the elevator any grain belonging to appellant. Herrmann sold the oats in question during the month of August 1939. The grain corporation was in financial straits. It had a loan with a St. Louis bank. It appears that some time during the month of September, an effort was made to bring about a reorganization of the corporation, which effort was unsuccessful and the corporation was later liquidated.

It is charged by appellant that appellee directors and the manager of the elevator, Herrmann, wilfully

and maliciously caused appellant's oats to be taken from the bins it had under lease, sold on the market, and no remittance made therefor. The evidence failed to show any knowledge on the part of appellees concerning the transaction in question. Appellant urges that appellees are liable upon their common law liability; that it was their legal duty to exercise such supervision as might be required of them in order that they know and have knowledge of what the agent of the corporation was doing in connection with the corporate business, and that because of their neglect of their duties in this respect, they are liable. Appellant also urges as a ground of liability against appellees that they, as directors of the corporation, by resolution made in September 1939, ordered and directed the manager Herrmann, to sell all grain on hands. However, the evidence discloses that the oats in question were sold in the previous month of August.

Appellees urge they are not liable for the torts of the corporation merely because they are directors, but that they are liable only for such torts in which they participated, or of which they had knowledge, authorized or directed. In this respect, they refer to C. J. S., vol. 19, p. 271 (Corp.—Torts, par. 845, et seq.).

Appellant insists that circumstances may arise where directors by their negligent inattention to business may render themselves liable for the wrongful acts of subordinate officers. And it may be considered that directors, although authorized and justified in committing the details of the conduct of the corporate business to subordinate officers, are not thereby justified in withdrawing their supervision and control of corporate affairs. They cannot thus divest themselves of the duty of general supervision and control by committing this duty to a subordinate officer. However, of necessity, it becomes proper that they entrust to subordinate and executive officers the discretionary powers which usually and ordinarily appertain to the

immediate management of the particular business. Nothing appears in this case to indicate that appellees did not exercise care and prudence in their selection of the agent Herrmann. Neither does it appear that they sought to divest themselves of a general supervision of the conduct of the business. Further, nothing appears to indicate that they had any knowledge of, or had acquiesced in a continuous or repeated course of conduct on the part of Herrmann such as committed in the present instance. Courts will treat directors with more leniency with respect to a single isolated act of fraud on the part of a subordinate officer or agent, than where the practice appears to have been so habitually and openly committed as to have been easily detected upon proper supervision. We do not consider the directors to be personally liable under the evidence in this case. Here we find a single act secreted by the subordinate officer from the directors, with the contract locked up by him without their knowledge of its existence, and no corporate record to come before them reflecting such transaction. Under such circumstances, it can hardly be said that appellees in the exercise of ordinary and reasonable supervision could have detected the wrongdoing of their subordinate officer.

The question of liability of a director in a corporation for the acts or omissions of officers or agents, other than codirectors, admits of various conditions. Ordinarily, where such director can be held liable for the acts of subordinate officers, he must participate therein, be guilty of lack of ordinary and reasonable supervision, or be guilty of lack of ordinary care in the selection of such officer. The duties of a general manager of a corporation are usually more extensive than those of a mere director.

The question often arises respecting the liability of a director for a tort committed by a corporation. Liability in such instance on the part of the director is

generally considered to rest upon the question whether he actively participated in the wrongdoing, and it seems impossible to lay down any governing rule further than that the test is to be whether the director authorized or participated in the alleged wrongful act. The mere fact that a person is a director in a corporation does not necessarily render him liable for the torts of the corporation or its agents. In other words, directors are not to be held liable for the negligence of the corporation merely because of their official relation to it. And the general rule would seem to be that he must participate in the wrongful act, or have such knowledge thereof as to give rise to liability. The foregoing observations, of course, are made in consideration of the circumstance that the director denies knowledge and participation, and hence excludes any theory of authorization or direction. The rule as announced in 19 C. J. S. 271, is supported in Fletcher —Corp. (vol. 4, par. 2536, p. 3772, ch. 42, on directors, officers and agents and participation in tort as essential to liability). Also see 13 Am. Jur. p. 1018, sec. 1086, *et seq*. This rule has recently been announced in the case of *Kulesza v. Chicago Daily News, Inc.*, 311 Ill. App. 117, 126, where it is stated that to render an officer of a corporation liable for the negligence of the corporation, he must be a participant in the wrongful act. Further reference in support of the foregoing rule in other jurisdictions, may be had from the West Reporter System, where numerous cases will be found. (See Digest System—Corporations—key number 306.)

Motion of appellees to tax cost of additional abstract to appellant, granted, and same ordered so taxed.

The judgment of the trial court is affirmed.

*Judgment affirmed.*