## CARL GUTMANN & CO., Inc. v. ROHRER KNITTING MILLS, Inc., et al.

### Civ. No. 8620.

United States District Court
E. D. Pennsylvania.
Sept. 29, 1949.

See also 9 F.R.D. 67.

David Ray Bernstein, New York City, Oscar Brown, Samuel Kagle, Philadelphia, Pa., for plaintiff.

Goldman & Jobrack, New York City, Conlen, La Brum & Beechwood, Philadelphia, Pa., for defendants.

FOLLMER, District Judge.

Plaintiff has filed its amended complaint consisting of four causes of action for breach of contract with copy of a written agreement attached thereto as an exhibit. Defendants have filed their motion to dismiss the first, second and third causes of action because the amended complaint fails to state any claims against defendant Rohrer Knitting Mills, Inc., upon which relief can be granted substantially for the following reasons:

1. Agreement lacks consideration.

2. Agreement lacks mutuality of obligation.

3. Under the Parol Evidence Rule of Pennsylvania, plaintiff is barred from showing, by parol, consideration allegedly moving from plaintiff to defendant prior to the execution of the agreement which is silent on the subject of said consideration.

4. Plaintiff is suing as an assignee of the agreement. No written consent to the assignment is alleged although the agreement expressly provides that it is unassignable without the written consent of the defendant.

5. Agreement was one of agency and, as appears from the amended complaint, was terminated by the defendant.

6. Although the amended complaint alleges damages for defendant's failure to sell goods to plaintiff, there is no allegation that plaintiff offered to purchase said goods.

Defendant furthermore moved to dismiss the fourth cause of action assigning

as reasons therefor the reasons given in connection with its motion to dismiss the first, second and third causes of action and, in addition thereto, the following reasons:

1. The Court lacks jurisdiction because no diversity exists between plaintiff and one of the essential parties, namely, Warr-Ell Mills, Inc.

2. Plaintiff cannot maintain an action against defendant Rohrer Knitting Mills, Inc., for breach of contract and in the same proceeding maintain an action against defendant Rohrer Knitting Mills, Inc., and its four officers for conspiring to induce said breach.

The original complaint in this action, consisting of one hundred fourteen paragraphs covering forty legal size typewritten pages, was dismissed because of its prolixity and its involved and repetitious verbiage and the plaintiff granted leave to serve an amended complaint within twenty days thereafter. The amended complaint, in my judgment, like its predecessor constitutes a gross violation of Rule 8 of the Federal Rules of Civil Procedure, 28 U. S.C.A.; it also is prolix and replete with vague, immaterial and evidet{ial allegations; it required thirty-nine paragraphs covering sixteen legal size typewritten pages to state what now appears to be a comparatively simple cause of action for an alleged breach of an agency agreement.

According to the amended complaint, the basis of this suit is the alleged breach of a written agreement dated October 18, 1945, between Rohrer Knitting Mills, Inc. (to be incorporated) of Orwigsburg, Schuylkill County, Pennsylvania, party of the first part, and Carl Gutmann & Company, of New York City, New York, party of the second part. Copy of said agreement is attached to the amended complaint as "Exhibit A."[1] The agreement was unsealed.

At the time of the execution of the agreement the plaintiff was a partnership and the defendant was an association in the course of incorporation. No consideration is mentioned in the agreement, which provides, inter alia, as follows:

1. Defendant appoints plaintiff its exclusive agent to handle and sell the entire

---

1. The agreement provided as follows:

"1. The party of the first part hereby appoints the party of the second part as its exclusive agent to handle and sell the entire output of goods manufactured by the party of the first part at its plant in Orwigsburg, Schuylkill County, Pennsylvania.

"2. The party of the second part agrees that it will sell up to fifty (50) per cent of all production to accounts specified by the party of the first part.

"3. Carl Gutmann & Company as an individual firm, and not as an agent under this contract, shall have the right and privilege of buying fifty (50) percent of the production of said mill for its own use.

"4. The party of the second part shall receive four (4) percent commission on all sales exclusive of sales made directly to Carl Gutmann & Company.

"5. In the event the first party sells said company, becomes bankrupt, makes an assignment for the benefit of creditors or becomes insolvent, no liability shall attach under this contract to the party of the first part, its successors or assigns.

"6. This contract to remain in full force and effect for a period of ten years from the 1st day of November, 1945, providing that if at any time during the period herein, the party of the second part, shall become a bad credit risk, or shall become insolvent, bankrupt or make an assignment for the benefit of creditors, then this contract to be null and void.

"7. The party of the first part will use its best endeavors to fill orders with reasonable promptness but no liability is to attach for delays or non-delivery or non-fulfilment of any orders. Deliveries of all orders are subject to contingencies beyond the control of the party of the first part such as fires, strikes, lock-outs, government regulations or controls, inability to secure material, labor, transportation, and other similar or dissimilar causes.

"8. This contract cannot be assigned without the written consent of the party of the first part.

"9. It is understood and agreed between the parties hereto that the party of the second part is an independent contractor and is not an employee of the party of the first part."

output of goods manufactured by defendant at its plant in Orwigsburg, Pennsylvania.

2. Plaintiff agrees to sell up to fifty (50) per cent. of all production to accounts specified by defendant.

3. Plaintiff as an individual firm and not as agent under the agreement shall have the right and privilege of buying fifty (50) per cent. of the production of said mill for its own use.

4. Plaintiff shall receive four (4) per cent. commission on all sales exclusive of sales made directly to plaintiff.

In January, 1946, Carl Gutmann & Company, the second party to the agreement, organized the plaintiff corporation and assigned to that corporation the agreement here involved.

The amended complaint further avers in relation to the agreement that defendant "without just cause, wrongfully declared the same as terminated and advised Plaintiff of its refusal to continue further with the performance of said Agreement."

In its first cause of action plaintiff seeks the sum of $61,822.32, with interest and costs, for commission at four (4) per cent. on an approximation of gross sales for the calendar years of 1946, 1947, and from January 1, 1948, to the end of April, 1948, less the value of merchandise shipped directly by defendant to plaintiff. In the second cause of action plaintiff seeks the sum of $300,000, with interest and costs, allegedly representing damages for loss of commissions on an approximation of sales from May 1, 1948, to the end of the term under the agreement, to wit, October 31, 1955. In the third cause of action plaintiff seeks the sum of $100,000, with interest and costs, allegedly representing damages sustained and to be sustained until October 31, 1955, by plaintiff from its inability to purchase merchandise for its own account from defendant under the agreement because of the termination of the said agreement by defendant during the year 1948. The fourth cause of action is directed against defendants Argo Knitting Mills, Inc., Philip Rosenkrantz, Morris Rosen, Nathan Rosenkrantz and Hyman Rosenkrantz, for conspiracy by the said defendants to induce the breach. The amended complaint avers that Warr-Ell Mills, Inc., another joint tort feasor, although named as a defendant has not been served with process and has not appeared in this proceeding and that plaintiff thereby elects to decline to prosecute any claim against said Warr-Ell Mills, Inc., in this action. The damages here sought, as a result of the alleged conspiracy, are the same as those claimed against Rohrer alone, viz., $461,822.32, plus punitive damages of $150,000.

Stripped of all the elaborate verbiage with which plaintiff has window dressed this claim, it is in the last analysis a suit on an agency agreement.

Defendants contend their motion (to dismiss) should be sustained, if for no other reason, on the ground that the amended complaint should be dismissed because of failure to comply with Paragraph 8 of the agreement ("Exhibit A") which provided as follows: "This contract cannot be assigned without the written consent of the party of the first part."

The amended complaint avers that during January of 1946 the partnership firm of Carl Gutmann & Company (the second party to the agreement) incorporated under the corporate name of Carl Gutmann & Company, Inc., plaintiff herein, and thereupon the said firm (said second party to the agreement) duly transferred and assigned to plaintiff all its right, title and interest in and to said agreement ("Exhibit A") and so notified defendant Rohrer Knitting Mills, Inc.; that said defendant acquiesced, consented and agreed to the transfer and assignment of the agreement to the plaintiff in the place and stead of the contracting partnership firm and waived the requirement of written consent by said defendant as provided in the agreement, and thereupon continued to deal with the corporate plaintiff in the performance of the agreement by selling merchandise and receiving payment therefor to and from plaintiff, paying commissions to plaintiff, submitting to it periodic statements, and communicating with plaintiff in relation thereto from January, 1946, to on or about January 1, 1948.

■ The facts alleged in the amended complaint must be accepted as true so far as the motion to dismiss is concerned. As stated, the facts appear to indicate a waiver ' by defendant Rohrer Knitting Mills, Inc., of this requirement of the agreement. The motion to dismiss for this reason must therefore be refused.

■ We are not here interested in the proof of the claim. We are concerned solely with the question as to whether the amended complaint states any claim against the defendant upon which relief can be granted. The motion to dismiss for failure to state a claim should be denied if it is reasonably conceivable that within the allegations of the amended complaint evidence may be introduced and received which will support the grant of any relief in the plaintiff's behalf.[2]

■ The amended complaint avers, inter alia, "The aforesaid Agreement was made by the parties thereto for good and valuable consideration." The agreement itself, which was executed in Pennsylvania and must therefore be interpreted under the law of Pennsylvania,[3] is completely silent on the matter of consideration. The law in Pennsylvania appears to be well settled that if no consideration is expressed it does not contradict the writing to permit the consideration to be orally proved.[4] Furthermore, plaintiff contends that under Rule 8(c) of the Federal Rules of Civil Procedure the defense of lack of consideration is designated as an affirmative defense and that such defense may be raised only by answer. On either hypothesis, that is as to whether the defense of failure of consideration is substantive or procedural, both under the law of the State of Pennsylvania and Rule 8(c) of the Federal Rules of Civil Procedure, it is not under the amended complaint as stated a matter that can be summarily brushed off by a motion to dismiss.

As to defendants' contention in regard to the fourth cause of action, namely:

1. The Court lacks jurisdiction because no diversity of citizenship exists between plaintiff and one of the essential parties, namely, Warr-Ell Mills, Inc.

2. Plaintiff cannot maintain an action against defendant Rohrer Knitting Mills, Inc., for breach of contract and in the same proceeding maintain an action against defendant Rohrer Knitting Mills, Inc., and its four officers for conspiring to induce said breach.

There is no merit in either of these contentions.

■ As to the first: The amended complaint does not indicate the residence of Warr-Ell Mills, Inc. In its motion to dismiss, defendant avers that it is a resident of the State of New York and therefore no diversity exists in relation to the residence of plaintiff, also a resident of the State of New York. However, assuming the existence of the diversity, there is nothing in the pleadings to indicate the indispensability of this named defendant. Plaintiff has exercised its acknowledged prerogative to elect among joint tort feasors which to sue.[5] It has elected not to sue Warr-Ell Mills, Inc.

As to the second: Rohrer is not named as a defendant in this count. The claim here is against Argo Knitting Mills, Inc., and the four individuals who are the stockholders and officers of both Rohrer Knitting Mills, Inc., and Argo Knitting Mills, Inc.

Rule 18(a) of the Federal Rules of Civil Procedure provides as follows: "The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22, are satisfied. There may be a like joinder of cross-claims or third-party

2. Frederick Hart & Co., Inc. v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

3. Faron v. Penn Mutual Life Ins. Co., 3 Cir., 1949, 176 F.2d 290.

4. Cooper v. Potts, 185 Pa. 115, 127, 39 A. 824.

5. Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690.

claims if the requirements of Rules 13 and 14 respectively are satisfied."

Rule 20(a) of the Federal Rules of Civil Procedure provides, inter alia, as follows: "\* \* \* All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The prayer in the fourth cause of action of the amended complaint is directed against other defendants than the one named in the first, second and third causes of action. The relief sought is not in the alternative but rather cumulative. Evidence that would sustain the first three causes would not necessarily sustain the fourth. This is not a case where plaintiff alleges a single cause of action but is uncertain as to which of two or more defendants may be liable. Here, while arising out of the same transaction, occurrence, or series of transactions or occurrences, the gravamen of the complaint is not the doing or failing to do a single act by one or more persons, but rather the doing of entirely separate and distinct acts, in the one instance by one corporation and in the other instance by another corporation and four individuals. This is not the alternative situation contemplated by the Rule.[6]

As to the first, second, and third causes of action, motion to dismiss is denied and defendant is directed to file an answer within twenty days from the date of the service of this Order.

As to the fourth cause of action, motion to dismiss is granted.

---

6. As distinguished from the facts in the instant case, in Callinan v. Federal Cash Register Co., D.C.W.D.Mo., 3 F.R.D. 177, the complaint stated three counts against some of the defendants and two more counts against all of the defendants; the claims arose out of the same transaction or series of transactions and presented common questions. Also in Hopper v. Lennen & Mitchell, D.C.S.D.

Cal., 52 F.Supp. 319, the complaint stated four counts involving A., the principal, and B., the agent, as defendants. Only the acts of B., the agent, are complained of in the first count; only the acts of A., the principal, are complained of in the fourth count, while the acts of both defendants, A. and B., form the basis of the allegations of the second and third counts.