INDEPENDENCE TUBE CORPORATION, an Illinois Corporation, Plaintiff,

v.

COPPERWELD CORPORATION, a Pennsylvania Corporation, et al., Defendants.

No. 76 C 4201.

United States District Court, N. D. Illinois, E. D.

May 2, 1977.

Victor E. Grimm, John R. Myers, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for plaintiff.

Richard K. Decker, Joseph E. Coughlin, Edward F. Fitzpatrick, Lord, Bissell & Brook, Chicago, Ill., for Copperweld Corp. & Regal Tube.

Robert F. Hanley, Terry Rose Saunders, Barbara S. Steiner, Jenner & Block, Chicago, Ill., for Yoder Co.

Frank L. Seamans, Cloyd R. Mellott, Edward G. O'Connor, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Copperweld.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiff, Independence Tube Corporation (Independence) brings this action against

Copperweld Corporation (Copperweld), Regal Tube Company (Regal) and The Yoder Company (Yoder) claiming, pursuant to the Sherman Act, 15 U.S.C. §§ 1, *et seq.*, combinations and conspiracies by defendants to foreclose competition by the plaintiff and attempts to monopolize and combinations and conspiracies to monopolize the structural steel tubing market. Jurisdiction over the antitrust claims is founded on the Clayton Act, 15 U.S.C. §§ 15 and 26 and 28 U.S.C. § 1337. Plaintiff also claims, pursuant to the common law of Illinois, breach of a contract between the plaintiff and defendant Yoder, and tortious interference, slander and libel by defendants Copperweld and Regal. Jurisdiction over the state law claims is based upon the general pendent jurisdiction of the federal district courts. Before the court is the motion of defendant Regal to add a party to the counterclaim filed with its answer pursuant to Rule 13(h) of the Federal Rules of Civil Procedure. The counterclaim is alleged to be compulsory and within the court's ancillary jurisdiction. For the reasons herein stated, we grant the motion of Regal to join the additional party.

## I.

### THE PLEADINGS

Plaintiff Independence and defendants Copperweld and Regal are engaged in the production and sale of structural steel tubing, Regal being a wholly-owned subsidiary of Copperweld. Defendant Yoder manufactures mills, equipment and tooling used in the production of structural steel tubing. The complaint in substance alleges that pursuant to a combination and conspiracy to foreclose competition and monopolize the structural steel tubing market, defendants

Copperweld and Regal have been attempting to prevent the plaintiff from entering the structural steel tubing business.

Plaintiff alleges that defendant Yoder was under contract with the plaintiff to manufacture a mill, equipment and tooling capable of fabricating structural steel tubing and, as a result of pressure exerted by Copperweld pursuant to the above mentioned combination and conspiracy, refused to fulfill its obligations under the contract. In addition, Copperweld and Regal are alleged to have contacted other persons and firms with which the plaintiff has business dealings, informing them that the plaintiff is financially unstable and making "similar untrue and derogatory remarks about the plaintiff's financial condition." These activities are said to constitute violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and, under the common law of Illinois, tortious interference, slander and libel.

The substance of Regal's counterclaim is that Independence, by itself or through its representatives, has been engaging in conduct constituting unfair competition, unfair trade practices, and slander and defamation, entitling Regal to relief under the common law of Illinois. Such conduct is claimed to include utilization of know-how, technical information, designs, plans, drawings, trade secrets, customer and supplier information and other confidential and proprietary information of Copperweld and Regal, soliciting employees of Regal to work for Independence and interfering with contractual relationships between Regal and parties with whom Regal has business dealings. Plaintiff's President, Director and shareholder, David F. Grohne, is alleged to be participating in the foregoing activities of Independence.[1] Injunctive relief against

---

1. Mr. Grohne is also alleged to have breached a fiduciary duty and to have made willful and fraudulent representations to Copperweld. Mr. Grohne was apparently chief executive officer of the Regal Tube division of Lear Siegler, Inc. (LSI) before that division was acquired by Copperweld and became Regal. The agreement of sale between Copperweld and LSI is alleged in the counterclaim to have contained a non-competition covenant which, claims Regal, gave

rise to the fiduciary duty Grohne is said to have breached. In addition, it is claimed that, in the context of the acquisition, Grohne represented to Copperweld that he would either accept Copperweld's offer that he stay on as chief executive officer of Regal or would work for LSI, while all the while he was making preparations to incorporate Independence and to go into the structural steel tubing business on his own. Regal also claims that Grohne acquired

Independence and Grohne is requested and damages are sought.

Before the Court is defendant Regal's motion to add David F. Grohne as a party counterdefendant to its counterclaim against Independence. Addition of parties· to counterclaims is governed by Rule 13(h) of the Federal Rules of Civil Procedure:

> (h) *Joinder of Additional Parties.* Persons other than those made parties to the original action may be made parties to a counterclaim in accordance with the provisions of Rules 19 and 20.

In order to determine whether Mr. Grohne may be joined as an additional party to Regal's counterclaim we must first determine whether Regal's counterclaim against Independence is within the court's jurisdiction and then we must consider whether the requirements for joinder of Rules 19 or 20 are met as Rule 13(h) mandates.

## II.

### JURISDICTION OVER THE COUNTERCLAIM

■ Regal's counterclaim is alleged to be compulsory under Rule 13(a) of the Federal Rules of Civil Procedure. Since no independent jurisdictional basis is alleged,[2] the counterclaim cannot be deemed permissible and cognizable pursuant to Rule 13(b). *Chance v. County Board of School Trustees*

*of McHenry County, Ill.,* 332 F.2d 971 (7th Cir. 1964). Therefore, unless the counterclaim is compulsory within Rule 13(a) it may not be brought before this Court.

■ Rule 13(a) states that a counterclaim against an opposing party is compulsory " . . . if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). If a counterclaim is compulsory, a federal court will have ancillary jurisdiction over it, *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974), and the requirements for compulsory counterclaims and ancillary jurisdiction have been held to be identical. *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631 (3d Cir. 1961).

Though several tests have been suggested to give content to the vacuous phrase "transaction or occurrence," the most popular test among the commentators as well as the courts is the so-called "logical relationship" test. 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1410 (1971); *Kissell Co. v. Farley,* 417 F.2d 1180 (7th Cir. 1969); *Great Lakes Rubber Corp. v. Herbert Cooper Co., supra; James B. Day & Co. v. Reichhold Chemicals, Inc.,* 60 F.R.D. 387 (N.D.Ill.1973). The test seems first to have been stated and applied under Rule 13's predecessor.[3] Equity Rule 30, in *Moore v.*

confidential information of Copperweld's through these representations during a visit to Copperweld's executive offices to discuss his future employment.

**2.** There appears to be a conflict among the circuits as to whether there exists a federally created cause of action under which general unfair competition claims may be brought. The Lanham Act, 15 U.S.C. §§ 1051–1127, dealing with trademarks generally, seems to create a federal cause of action for unfair competition—not limited to trademark infringement cases—for certain foreign nationals at 15 U.S.C. § 1126(b) and (h) which is extended to protect United States citizens in subsection (i) of that section. *Magna Pictures Corp. v. Paramount Pictures Corp.,* 265 F.Supp. 144 (C.D. Cal.1967) holds that such a cause of action does indeed exist, following *Stauffer et al. v. Exley,* 184 F.2d 962 (9th Cir. 1950). See also *Neal v. Thomas Organ Co.,* 325 F.2d 978 (9th Cir. 1963), *cert. denied,* 379 U.S. 828, 85 S.Ct. 55, 13 L.Ed.2d 37 (1964). Other circuits, in-

cluding the Seventh Circuit, differ: *City Messenger of Hollywood v. City Bonded Messenger Service,* 254 F.2d 531 (7th Cir. 1958), *cert. denied,* 358 U.S. 827, 79 S.Ct. 45, 3·L.Ed.2d 66 (1958); *Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc.,* 240 F.2d 814 (5th Cir. 1957); *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.,* 214 F.2d 649 (3d Cir. 1954); *American Auto Association v. Spiegel,* 205 F.2d 771 (2d Cir. 1953), *cert. denied,* 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391 (1953). Since we hold Regal's counterclaim to be within the Court's ancillary jurisdiction, we need not reach the question of whether independent federal question jurisdiction is supported by this section.

**3.** The Supreme Court recently cited the application of the logical relationship test under the current Rule 13 approvingly: "If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it even though ordinarily it would be a matter for a state court, *e.*

*New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926):

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

The Supreme Court's application of the "logical relationship" test in *Moore* is instructive in the context of the case before us. In *Moore,* the plaintiff brought an antitrust action based upon the Cotton Exchange's refusal to allow the plaintiff to receive continuous cotton quotations. The Exchange responded with a counterclaim that the plaintiff was purloining or otherwise illegally obtaining the quotations. In allowing the counterclaim the Court said:

> The refusal to furnish the quotations is one of the links in the chain which constitutes the transaction upon which appellant [plaintiff] here bases its cause of action. It is an important part of the transaction constituting the subject-matter of the counterclaim. It is one of the circumstances without which neither party would have found it necessary to seek relief. Essential facts alleged by the appellant enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations, as for example, that appellant is unlawfully getting the quotations, does not matter. 270 U.S. at 610, 46 S.Ct. at 371.

Much the same may be said about the pleadings before the Court.

■ Broadly, the plaintiff alleges the defendants were attempting to prevent its entry into the structural steel tubing market. The defendant's counterclaim responds that such entry was being conducted in a manner which violated its rights. The complaint challenges actions motivated by plaintiff's entry into the market; the counterclaim challenges that action of entry. Essential facts alleged by the plaintiff "constitute in part the cause of action set forth in the counterclaim." Therefore, Regal's counterclaim is within the Court's ancillary jurisdiction.[4]

### III.

### REQUIREMENTS OF RULE 13(h)

As. we have indicated, Rule 13(h) of the Federal Rules of Civil Procedure, *supra,* governs the determination of whether a party may be added to a counterclaim. The rule requires that we look to the joinder rules of Rules 19 and 20 in making that determination. Before doing so, however, we shall consider an issue raised in the parties' briefs, namely, to what degree a party must be "required for the granting of complete relief" for addition of that party to the counterclaim.

■ A party need not be "indispensable" to the granting of complete relief to be joined under Rule 13(h). Although it is sometimes said that, for joinder under Rule 13(h) to be permissible, presence of the party sought to be joined must be "required for the granting of complete relief in the determination of a counterclaim," language to that effect was deleted from Rule 13(h) when it was amended in 1966, and, in any event, that requirement was liberally construed by the courts even prior to the amendment. See *United Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213 (2d Cir. 1955) and *Value Line Fund v. Markus,* 161 F.Supp. 533 (S.D.N.Y.1958) in which the court stated at 536:

---

*g., Great Lakes Rubber Corp. v. Herbert Cooper Co.* . . . Under Rule 13(a)'s predecessor this court held that 'transaction' is a word of flexible meaning which may comprehend a series of occurrences if they have a logical connection, *Moore v. New York Cotton Exchange* . . . and this is the rule generally followed by the lower courts in construing Rule 13(a)." *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1, 94 S.Ct. 2504, 2506, 41 L.Ed.2d 243 (1974).

4. The courts have generally construed the transaction or occurrence requirement liberally. See *Columbia Plaza Corp. v. Security National Bank,* 173 U.S.App.D.C. 403, 525 F.2d 620 (1975); *Pipeliners Local Union v. Ellerd,* 503 F.2d 1193 (10th Cir. 1974); *Blair v. Cleveland Twist Drill Co.,* 197 F.2d 842 (7th Cir. 1952).

The condition of Rule 13(h)—that the additional party be "required for the granting of complete relief in the determination of a counterclaim"—should be construed liberally. "Required" need not mean only "indispensable" or "necessary." "Required" may properly be interpreted, in the context of Rule 13(h) to mean "appropriate" or "interested." The Rule was amended to allow even greater discretion to the trial judge in the determination of whether a party may be added. *Lanier Business Products v. Graymar Co.,* 342 F.Supp. 1200 (D.Md.1972).[5]

■ Even under Rule 13(h) as amended, the requirement that the additional party be "required for the granting of complete relief" on the counterclaim has been retained, at least to the extent that a party may not be joined if the claims asserted in the counterclaim are solely against the additional party. *Tryforos v. Icarian Development Co.,* 49 F.R.D. 1 (N.D.Ill.1970); *United States v. Techno Fund,* 270 F.Supp. 83 (S.D.Ohio 1967).[6] However, both under the pre-1966 and the amended versions of Rule 13(h), joint tort feasors, individuals jointly and severally liable and parties conspiring with an original party to the suit have been permitted to be joined. See *Albright v. Gates,* 362 F.2d 928 (9th Cir. 1966); *McNaughton v. New York Central R.R.,* 220 F.2d 835 (7th Cir. 1955); *Lesnik v. Public Industrials Corp.,* 144 F.2d 968 (2d Cir. 1944); *Timely Products Corp. v. Arron,* 303 F.Supp. 713 (D.Conn.1969); *Aerojet General Corp. v. Aero-Jet Products Corp.,* 33 F.R.D. 357 (N.D.Ohio 1963).

■ In the case before us, we cannot say that the counterclaims asserted against Mr. Grohne are unrelated to the counterclaim against Independence. It is the law in Illinois—as it is in most jurisdictions—that a corporate officer or director may be held jointly and severally liable for torts committed by his corporation if he authoriz-

ed or participated in the alleged wrongful act. *Lowell Hoit & Co. v. Detig,* 320 Ill. App. 179, 50 N.E.2d 602 (1943). Similarly, corporations may be held liable for wrongful conduct, such as slander, engaged in by their agents. *Randall Dairy Co. v. Pevely Dairy Co.,* 274 Ill.App. 474 (1934). While facts alleged in the counterclaim may form the basis of claims against Mr. Grohne individually and not jointly against the corporation, see n.1 *supra,* the substance of the counterclaim—the allegations of unfair competition and unfair trade practices— runs against both Independence and Grohne. Grohne is alleged to have authorized or participated in at least some of the wrongful conduct. The doctrine precluding addition of a party where the counterclaim runs solely against him does not bar the addition of Mr. Grohne pursuant to Rule 13(h).

■ Since the motion to add Mr. Grohne does not run afoul of what remains of the requirement under Rule 13(h) as amended that the party to be added be "required for the granting of complete relief," the only remaining question is whether the claim against Mr. Grohne fulfills the requirements for joinder under either Rule 19 or 20 as mandated by Rule 13(h) for addition of a party to a counterclaim. Since we hold that the claim against Mr. Grohne fulfills the requirements of Rule 20, we need not address the more stringent requirements of Rule 19.

Rule 20 provides in relevant part:
(a) *Permissive Joinder.* . . . All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . .

---

5. In addition, it has been held that the joinder rules, Rules 19 and 20, are to be liberally construed under the amended Rule 13(h). *Gentry v. Smith,* 487 F.2d 571 (5th Cir. 1973).

6. Similarly, it has been held that individuals suing in a representative capacity may not have a counterclaim asserted against them in their individual capacities. There are exceptions. See generally, 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1404.

The requirements for joinder under Rule 20 are satisfied by the counterclaim asserted here by Regal against Independence and Mr. Grohne. The right to relief is asserted against them jointly, as we have indicated above. The claims against Independence and Mr. Grohne arise out of the same series of transactions or occurrences; indeed, the claims against Mr. Grohne are based upon his authorization of or participation in the alleged wrongful conduct of the corporation. Questions of law or fact common to both Independence and Mr. Grohne will arise in the action; in fact, the very question of whether the corporation's conduct was wrongful will be determinative, at least in part of Mr. Grohne's liability.

Since we find the counterclaim asserted by Regal compulsory within Rule 13(a) and the joinder of Mr. Grohne permitted under Rule 13(h), we hold that he should be joined as a counterdefendant to Regal's counterclaim. Addition of Mr. Grohne as a party to the counterclaim serves the purpose of judicial economy—avoidance of retrial of issues and multiplicity of suits—embodied in Federal Rule 13(h).

An appropriate order will enter.