INDEPENDENT LIBERTY LIFE IN-
SURANCE COMPANY, Plaintiff,

v.

FIDUCIARY AND GENERAL CORPORA-
TION, Florida General Financial Serv-
ices Corporation, Florida General Life
Insurance Company, Russell M. Tolley,
Exchange Investment Corporation,
Georgetown Life Insurance Company,
Rudolph J. Westphal and Carey & Dun-
can, Inc., Defendants.

No. G81-64 CA1.

United States District Court,
W. D. Michigan, S. D.

Sept. 11, 1981.

Joseph G. Scoville, Grand Rapids, Mich., for plaintiff.

Jon R. Muth, Thomas J. Heiden, Grand Rapids, Mich., for defendants.

## OPINION

### INTRODUCTION

DOUGLAS W. HILLMAN, District Judge.

The present matter comes before the court on a motion to add counter or third-party defendants, filed by defendants Fiduciary and General Corporation, Florida General Financial Services Corporation, Florida General Life Insurance Company, Russell M. Tolley, Exchange Investment Corporation, Georgetown Life Insurance Company, and Rudolph H. Westphal, which parties will be referred to herein as the "Georgetown Defendants". In their counterclaim and third-party complaint filed on May 5, 1981, the Georgetown Defendants seek to add as third-party defendants the individual members of the Board of Directors of Independent Liberty Life Insurance Company. Independent Liberty vigorously opposes the defendants' motion to add parties and has moved to strike their third-party complaint.

This case was originally initiated by plaintiff's claim that the Georgetown Defendants were attempting to acquire control of Independent Liberty by improper and illegal means. The Georgetown Defendants moved to enjoin plaintiff and its directors from, *inter alia*, purchasing or voting any shares of Independent Liberty stock and from seeking representation on the Board of Directors until satisfying certain filing requirements. This court denied the motion for preliminary injunction in its order issued May 22, 1981.

In their counter and third-party complaint, the Georgetown Defendants allege failure by the directors to file a Schedule 13D pursuant to the Securities Exchange Act of 1934, § 13(d), 15 U.S.C.A. § 78m(d); a violation by the management of Independent Liberty with respect to the proxy rules promulgated by the Michigan Insurance Bureau; a breach of fiduciary duties and negligence on the part of the directors as

well as waste of corporate funds, assets and resources; and, finally, a wrongful withholding of a shareholder list on the part of Independent Liberty. The Georgetown Defendants seek damages in an amount not less than $1,000,000.

## DISCUSSION

██ Under Rule 14(a) of the Federal Rules of Civil Procedure, an original defendant may file a complaint against a person not a party to the action who is or may be liable to it for all or part of the plaintiff's claim. However, such third-party practice, or impleader, is permitted only where the defendant can show that if it is found liable to the plaintiff, then the third party will be liable to the defendant. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967); *Brown v. UAW*, 85 F.R.D. 328 (W.D.Mich.1980). A third-party defendant may not be impleaded merely because he may be liable to the plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield Tp.*, 442 F.2d 539 (3d Cir. 1971). The court recognizes that the plaintiff here is a proper party to move to strike pursuant to Rule 14(a). Moreover, the third-party complaint here does not seek to impose liability against the third-party defendants for the claim brought against the Georgetown Defendants by plaintiff. As stated in *Donaldson v. United States Steel Corporation*, 53 F.R.D. 228, 230 (W.D.Pa.1971), the proper relationship of the two sides of a third-party complaint is equivalent to that of plaintiff-defendant. Prior to being added as a third-party defendant, it must be established that such third-party defendant will be secondarily or derivatively liable for any loss suffered by the principal defendant in the primary dispute. *See, Brown v. UAW, supra.* Furthermore, an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even when it arises out of the same general set of facts as the main claim. *United States v. Joe Grasso & Son, Inc., supra.*

Although the directors cannot be added as third-party defendants under Rule 14, the Georgetown Defendants have alleged they may be added as counter-defendants under Rule 13(h). The rule provides that:

"Persons other than those made parties to the original action may be made parties to a counter-claim or cross-claim in accordance with the provisions of Rules 19 and 20."

Rule 19 addresses the issue of joinder of persons needed for just adjudication. Rule 20 sets forth standards for *permissive* joinder. It provides, in pertinent part, that:

"[A]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action ..."

██ The court is satisfied that on the basis of Rule 13(h), Rule 20(a) and pertinent case law, the motion to add parties in this case should be granted. The counter-claim/third-party complaint at issue here should be allowed.

██ Joinder of parties is a matter highly dependent on judicial discretion. *Mosley v. GMC*, 497 F.2d 1330 (8th Cir. 1974). It has been stated that the purpose of Rule 20, which provides for permissive joinder of parties, is not "to lay a subtle snare for the unwary pleader, but rather to avoid multiple lawsuits, except where a showing of oppression, prejudice or delay is made." As the Court of Appeals made clear in *Gates v. L. G. DeWitt, Inc.*, 528 F.2d 405 (5th Cir. 1976), "F.R.Civ.P. 20(a), which provides that judgment may be entered against one or more defendants according to their respective liabilities ... is a procedural rule based on trial convenience." *Id.* at 413. Similarly, the Supreme Court stated in the often-cited case of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966):

"Under the Rules, the impulse is toward entertaining the broadest possible scope

of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

██ I am satisfied that the present controversy should be resolved on the basis of substance, not form. Therefore, while the Georgetown Defendants labeled their pleadings a "Counter and Third Party Complaint" (see pleading filed April 29, 1981), the court is not thereby precluded from viewing the action as an invocation of Rule 13(h), which provides for joinder of additional parties to a counterclaim. Indeed, that provision appears to accurately describe the very matter under consideration.

In *Brown v. UAW, supra,* the defendant's motion to add a cross-defendant was brought pursuant to Rule 13(h). This court's discussion and ultimate disposition of the issue were nonetheless founded on an application of Rule 14(a). After rejecting the Rule 13(h)-based arguments, the court stated, at page 333, that "Hansen is properly a party to this action, if at all, only pursuant to Fed.R.Civ.P. 14(a)". The *Brown* decision can be said to focus on the applicability of the federal rule most favorable to the movant. Such an approach avoids trapping the unwary pleader through the use of wholly unuseful and unduly burdensome procedural prescriptions. As Justice Black once observed, "[t]he principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts." *Order Adopting Revised Rules,* 346 U.S. 946 (1954).

Rule 13(h) authorizes the court to add parties in order to adjudicate a counterclaim involving at least one existing party. Here the Georgetown Defendants not only seek to add the directors of the Board of Independent Liberty, but include in the counterclaim Independent Liberty, already an existing party. The requirement of Rule 13(h) is met. Plaintiff has alleged that the counterclaim of the Georgetown Defendants is in contravention of Rule 13(h). I disagree. Plaintiff maintains that the motion to add parties must fail since all counts

of the third-party complaint are not directed "against the existing party (Independent Liberty) and the added parties." See, however, *Hopper v. Lennen and Mitchell,* 52 F.Supp. 319 (S.D.Calif.1943). The complaint in *Hopper* contained four counts against defendants A, the principal, and B, the agent. Only the acts of B were complained of in the first count, only the acts of A in the fourth count, and the acts of both A and B formed the basis of the second and third counts. The court held that under Rule 20(a) such joinder was proper, despite the fact different claims were made against different defendants.

Similarly, in *Callinan v. Federal Cash Register Co.,* 3 F.R.D. 177 (W.D.Mo.1942), the complaint stated three counts against some of the defendants and two more counts against all defendants. As in *Hopper,* such joinder of defendants was sustained. Likewise, the instant case involves a pleading which alleges the doing or failing to do certain acts by several parties. All were involved in a single course of conduct, rather than separate and distinct activities. As pointed out in *Carl Gutmann & Co. v. Rohrer Knitting Mills,* 86 F.Supp. 506, 511 (E.D.Pa.1949):

> "A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and *against one or more defendants according to their respective liabilities.*" (Emphasis added.)

Applying that language to this case demonstrates that the counter-claimants enjoy wide latitude in terms of the possible scope of their allegations. The fact that all counts of their pleading do not implicate all opposing parties equally does not require this court to strike the counterclaim. The *Hopper* court held, with respect to permissive joinder under Rule 20(a), that defendants may be joined where a cause of action can be stated against each, regardless of the fact that certain counts do not state a cause of action against all. *Hopper, supra,* at 321. This holding is representative of

the weight of authority. Moreover, it is in accord with the widely held view that the federal rules governing joinder should be liberally construed. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Likewise, the Sixth Circuit has observed: "Under the Federal Rules of Civil Procedure the rights of all parties should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 'are intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.' *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir.). The aim of these rules 'is facilitation not frustration of decisions on the merits.' *Frommeyer v. L. & R. Construction Co.*, 139 F.Supp. 579, 585 (D.N. J.)." *LASA Per l'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969).

To disallow joinder of the directors in this case would threaten the interests of judicial economy by leaving open the possibility of future lawsuits against them involving issues identical to those presented here. In this era of congested court calendars, best efforts should be made to comply with the premier procedural rule, to secure the "just, speedy and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure. The inherently close relationship between directors and the corporate entity under their management also serves to support the conclusion that joinder is appropriate here.

In *Independence Tube Corporation v. Copperweld Corp.*, 74 F.R.D. 462 (N.D.Ill. 1977), strikingly analogous issues arose. In that antitrust action, the defendant filed a counterclaim and a motion to join the president of the plaintiff corporation as a party counter-defendant to the counterclaim. The court permitted joinder of the officer, since claims against him and the corporation arose out of the same series of transactions or occurrences. The Court reasoned as follows:

"Questions of law or fact common to both Independence and Mr. Grohne will arise in the action; in fact, the very question of whether the corporation's conduct was wrongful will be determinative, at least in part of Mr. Grohne's liability."

As in our case, certain facts alleged in the *Copperweld* counterclaim were directed against the individual alone and not jointly against the manager and the corporation. *Id.* at 467. Nonetheless, "the substance of the counterclaim, the allegations of unfair competition and unfair trade practices, run against both Independence and Grohne." *Id.* at 467. The president's liability would, in fact, be largely determined by deciding the wrongfulness of the corporation's conduct. Much the same may be said about the pleadings here. Although the counterclaim is permissive, whereas it was compulsory in *Copperweld*, joinder is determined in both cases according to the standards of Rule 13(h). The addition of the parties to the counterclaim "serves the purpose of judicial economy, avoidance of retrial of issues and multiplicity of suits, embodied in Federal Rule 13(h)." *Id.* at 468. The fact that a substantial number of directors are involved here makes this an even stronger case for allowing joinder.

It should be noted that if a single trial would be prejudicial by reason of this joinder, the court could order separate trials in accordance with Rule 20(b) and Rule 21.

## CONCLUSION

In summary, the court is persuaded that the Georgetown Defendants assert against Independent Liberty and its directors "a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." The requirements of Rule 13(h) are satisfied. In addition, the court concludes that there will arise in this action questions of law or fact common to all counter defendants. Thus, the Georgetown Defendants have met the standards of Rule 20(a) of the Federal Rules of Civil Procedure. The motion to

add counter defendants is granted. The Georgetown Defendants' motion to strike is denied.