**UNITED STATES of America,**
**Plaintiff,**

v.

**Samuel S. ZASHIN, Walter Zashin, Dorothy Zashin, William Silverstein, Chester Kremens, Preston Mears, Virginia Mill and Lumber Company, Incorporated, Hillcrest Lumber Company, Debtor, Doran Lumber Corporation, Debtor, and Cargo Lumber and Timber Company, Incorporated, Debtor, Defendants,**
**James Talcott, Inc., Additional Defendant on Counterclaims.**

Civ. No. 18189.

United States District Court
E. D. New York.

March 25, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for plaintiff.

Max Ornstein, New York City, for defendants Hillcrest Lumber Co., Doran Lumber Corp. and Cargo Lumber & Timber Co., Inc.

Hahn & Golin, New York City, Francis J. Ryan, Jr., New York City, of counsel, for additional defendant, James Talcott, Inc.

BRUCHHAUSEN, District Judge.

James Talcott, Inc., described herein as the "additional defendant on counter-

claims," moves to vacate the order of January 22, 1958, permitting the addition of James Talcott, Inc., as a party defendant and for the dismissal of the counterclaims, contained in the answers of the defendants Hillcrest Lumber Company, Doran Lumber Corporation and Cargo Lumber and Timber Company. The said parties are hereinafter respectively called "Talcott," "Hillcrest," "Doran" and "Cargo."

The plaintiff instituted this action against the defendants, other than Talcott, to recover damages for conspiracy to defraud it in connection with the performance of contracts for the supply of lumber to the armed forces. Talcott was not named as a defendant in the complaint. There is no claim made by the plaintiff that Talcott was a party to the alleged conspiracy.

After the commencement of the action, an ex parte order was obtained, bringing in Talcott as an additional defendant.

Separate answers were interposed by Hillcrest, Doran and Cargo, containing various counterclaims.

█ The reason for joining Talcott as a party defendant, as alleged in the counterclaims, is that they arise out of the transactions which are the subject matter of the plaintiff's claims and are based on the aforesaid contracts, particularly the parts pertaining to the payments for the lumber. It is further alleged therein, in substance, that Talcott loaned moneys to the defendants and that accounts receivable under the contracts were assigned to Talcott by the defendants, as security, and that Talcott improperly retained and failed to pay over to the defendants substantial sums. Whether such funds are the property of Talcott or the defendants are issues of fact. Under these circumstances Talcott is a necessary party and should remain a party defendant. 3 Moore's Federal Practice, 2nd Ed., Section 19.08; Section 13(h) Federal Rules of Civil Procedure, 28 U.S.C.

█ Talcott contends that the court lacks jurisdiction of the Hillcrest and Cargo claims in that the statute, 28 U.S.C. § 1346, precludes actions against the Government exceeding $10,000 in amount. The weight of authority supports the position that while such limitation is applicable to original actions against the United States, it does not bar the right by way of counterclaims to set off a defendant's claim in an amount equal to or less than the Government's claim. However, such defendant may not recover an affirmative judgment against the United States on such counterclaim. Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; In re Greenstreet, Inc., 7 Cir., 209 F.2d 660; and 3 Moore's Federal Practice, 2nd Ed., page 75, Section 13.28.

█ The Doran counterclaim is in a different category from the others, in that it is a claim made solely against Talcott and not the plaintiff. It appears that plaintiff completed payment on this contract. There is no claim that the plaintiff is indebted to Doran thereon. This apparently is not a counterclaim but an independent cause of action in favor of Doran against Talcott. Rule 13(a) (b) and (h) and rule 18(a) and (b) of the Federal Rules of Civil Procedure, cited by the defendant, are applicable to counterclaims and not to independent claims.

The motion is denied, excepting that the counterclaim in the Doran answer is dismissed.

Settle order on notice.