**UNITED STATES of America,**
**Plaintiff,**

v.

**TECHNO FUND, INC., Defendant.**

**Civ. A. 8026.**

United States District Court
S. D. Ohio, E. D.

June 27, 1967.

Robert M. Draper, U. S. Atty., Bradley Hummel, Asst. U. S. Atty., Columbus, Ohio, for plaintiff.

Gingher & Christensen, Columbus, Ohio, for defendant.

John M. Caren, Columbus, Ohio, for receiver.

## MEMORANDUM AND ORDER

KINNEARY, District Judge.

This matter is before the Court on defendant's motion:

*Branch A:* To dismiss the Complaint because the United States is not the real party in interest; or in the alternative,

*Branch B:* To dismiss the Complaint for lack of an indispensable party— the Administrator of the Small Busi-

ness Administration [hereinafter designated as SBA]—or in the alternative,

Branch C: To make the Administrator of the Small Business Administration a party plaintiff so that defendant may assert a counterclaim against him.

The motion has been considered on the memorandum in support thereof and the contra memorandum of plaintiff (denominated a motion to deny defendant's motion to add a party plaintiff).

Branch A: To Dismiss the Complaint Because the United States is Not the Real Party in Interest

This branch of the motion is founded on the allegation of defendant that having SBA, through its Administrator, rather than the United States, as plaintiff satisfies the requirement of Rule 17, Federal Rules of Civil Procedure, that "every action shall be prosecuted in the name of the real party in interest." The allegation itself is based on the fact that:

1. Title 15, United States Code, Section 634(b) (1), provides that the Administrator of SBA may sue in any district court; and

2. Title 15, United States Code, Section 687(c), under which relief is herein sought, provides that the "Administration" may make application for relief.

It has long been decided that when the United States acts through the agency of a wholly owned corporation, the United States is the real party in interest to sue to recover money due from a party who had contracted with such agent in the performance of that agency's official duties. United States v. Czarnikow-Rionda Co., 40 F.2d 214 (2d Cir.), cert. denied, 282 U.S. 844, 51 S.Ct. 24, 75 L.Ed. 749 (1930); Russell Wheel & Foundry Co. v. United States, 31 F.2d 826 (6th Cir. 1929); United States v. Blackburn, 109 F.Supp. 319 (E.D.Mo. 1952); United States v. New York Dock Co., 100 F.Supp. 303 (S.D.N.Y.); United States v. Morrisdale Coal Co., 46 F.Supp. 356 (E.D.Pa.1942), affirmed per curiam, 135 F.2d 921 (3d. Cir.), cert. denied, 320 U.S. 756, 64 S.Ct. 64, 88 L.Ed. 451 (1943). The conclusion in these cases is based on the findings that all things done by the agency inure primarily to the benefit of the United States and that these wholly owned corporations perform their official duties with government funds. While such decisions do not give a precise answer to the question of what is the result when the United States acts through an unincorporated federal agency such as SBA, the answer may be found through analogy based on the treatment of wholly owned government corporations and federal agencies in other areas of the law.

SBA has been judicially described as an integral part of the United States possessing the full sovereign immunity of the government. United States v. Mel's Lockers, Inc., 346 F.2d 168 (10th Cir. 1965); Von Lusch v. Hoffmaster, 253 F.Supp. 633 (D.Md.1966). In the bankruptcy area this integration has been completed to the extent of holding that SBA is entitled to the priority of the United States in collecting debts. Small Business Administration v. McClellan, Trustee, 364 U.S. 446, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960).

It was held in McClellan that SBA was more closely integrated with the United States government than wholly owned government corporations which were not accorded the priority of the United States in bankruptcy. This conclusion is founded on the fact that in the case of the corporations private persons were permitted to be shareholders (but the fact that there were no private shoreholders was of no consequence). 364 U.S. at 448–449, 81 S.Ct. 191.

Thus, it is logical to conclude that the finding is more compelling that the United States is the real party in interest to bring a suit arising out of the official acts of SBA than that it is the real party in interest to bring a suit arising out of the acts of federal corporations. If the United States is said to be the real party in interest in the

case of federal corporations because of the close association of such corporations with the government, it is evident that the United States is the real party in interest in cases involving federal agencies, such as SBA, which are even more closely integrated with the government. These agencies act more in the stead of the government than do corporations, and at least the same treatment should be given to cases involving such agencies.

Whereupon, the Court determines that this branch of the motion is without merit, and therefore, it is denied.

*Branch B: Alternative Branch to Dismiss the Complaint for Lack of an Indispensable Party—the Administrator of SBA.*

This part of the motion is also based on the fact that § 634(b) (1) authorizes the Administrator to sue and that Techno would have filed a counterclaim against the Administrator if the Administrator had been plaintiff. The second reason is in no way a cogent argument. This branch of the motion can be resolved on the basis of the same reasoning employed in the first branch of the motion.

It has been held in cases involving government corporations that the United States may sue in its own name since it is the real party in interest, and it does not have to join the corporation as a plaintiff. Insurance Co. of North America v. United States, 159 F.2d 699 (4th Cir. 1947); United States v. Skinner & Eddy Corp., 5 F.2d 708 (W.D. Wash.1925); United States v. Anasae International Corp., 197 F.Supp. 926 (S.D.N.Y.1961).

■ Thus, in the present suit where it is more readily apparent that the United States is the real party in interest, it is also more readily apparent that it is not necessary that the agency be joined as a party plaintiff as it is not indispensably necessary to the suit. This conclusion is substantiated by the finding in Waylyn Corp. v. United States, 231 F.2d 544 (1st Cir.), cert. denied, 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956), that even though the National Housing Act authorizes a complaint, to recover on a mortgage note insured by FHA, to be filed by the Federal Housing Commissioner in his own name and in his official capacity, such suit may also be prosecuted by the United States as the real party in interest without joinder of the Commissioner. In the instant case involving a similar federal agency and statutory authorization, the finding as to the necessity of joining SBA as a plaintiff should be the same.

Whereupon, the Court determines that this branch of the motion is without merit, and therefore, it is denied.

*Branch C: Alternative Branch to Make the Administrator of SBA a Party-Plaintiff so that Techno May Assert a Counterclaim Against Him.*

■ The counterclaim asserted in Techno's answer is directed solely against the additional party, the Administrator, sought to be joined. The joinder is only for purposes of that counterclaim. The case law on bringing in additional parties for purposes of counterclaim (as based on Rule 13(h) as it read prior to recent amendment) construed the Rule to mean. that an additional party may not be brought in for purposes of counterclaim where the counterclaim is directed solely against the new party and asserts no rights against the original plaintiff. United States v. Zashin, 160 F.Supp. 843 (E.D. N.Y.1958). Even under the liberal provisions of amended Rule 13(h), it would be logical to continue the *Zashin* construction of the provision for bringing in additional parties. Rules 13(a) and (b), when speaking of counterclaims, still speak of claims against an opposing party. Additional parties should still come in only when needed for giving complete relief on a claim directed, at least partially, against one already a party to the lawsuit.

Whereupon, the Court determines that this branch of the motion is without merit, and therefore, it is denied.