**Helen GASTON, Appellant,**

v.

**STATE of Tennessee and William L. Jones, Commissioner of Finance and Administration, Appellees.**

Supreme Court of Tennessee.

Dec. 5, 1977.

H. Michael Bennett, Schulman, Pride & Leroy, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for appellees.

OPINION

HENRY, Justice.

This case originated as a suit for a divorce. In its present posture it is a third-party action, the disposition of which is dependent upon a construction of Rule 13.-08, Tenn.R.Civ.P.

I.

On December 20, 1974, Carlos Gaston instituted divorce and child custody proceed-

ings against his wife, Helen Gaston. On January 13, 1975, Mrs. Gaston replied, claiming that she was entitled to a divorce and also seeking custody of the couple's minor children. In this counterclaim, she alleged that she was indigent and unable to afford qualified legal counsel. Her husband was also indigent and was represented by the local legal aid organization, Legal Services of Nashville, Inc. Because of a possible conflict of interest, Legal Services declined to serve as Mrs. Gaston's counsel. She, therefore, asked that the State be required to pay her attorney's fees, pursuant to the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

On January 20, 1975, Helen Gaston moved to amend her counterclaim by making the State of Tennessee and William Jones, Commissioner of Finance and Administration, third party defendants pursuant to Rule 13.08 of the Tennessee Rules of Civil Procedure. This motion was granted on February 13, 1975. Subsequently, the third party defendants moved to dismiss the action against them for failure to state a claim upon which relief could be granted. While this motion was pending, Helen Gaston was granted a divorce, and her husband was awarded custody of the children. Thereafter, the motion to dismiss was denied, and the question of the amount of attorney's fees was considered by the court at a later date.[1]

The trial judge held that for an attorney to be compensated by the State, there must be an official appointment, and that because Helen Gaston retained counsel on her own behalf, the State could provide no compensation. Therefore, the motion to dismiss was granted, since there was no claim filed against the State upon which relief could be granted.

This appeal followed.

1. The divorce was granted by Special Judge Grant Smith. The regular judge acted upon the motion to dismiss and referred the amount of counsel fees to the special judge.

II.

Mrs. Gaston's claims for attorney's fees are predicated upon the procedural assumption that the State is properly joined as a third party defendant and hence can be found liable for counsel fees. This is founded in fallacy.

Tennessee Rule of Civil Procedure 13.08 states:

> When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court may order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained.[2]

This Rule is the same as Federal Rule of Civil Procedure 13(h) before it was amended in 1966.

■ We agree with previous interpretations of this corresponding federal rule, as well as those of the present, more liberal Federal Rule 13(h), and hold that additional parties may be joined only when their presence is needed to give the moving party the complete relief sought in the original cause of action. See *Independence Tube Corp. v. Copperweld Corp.,* 74 F.R.D. 462 (N.D.Ill. 1977); *United States v. Techno Fund, Inc.,* 270 F.Supp. 83 (S.D.Ohio 1967); *United States v. Zashin,* 160 F.Supp. 843 (E.D.N.Y. 1958).

■ We think this interpretation is commanded by the clear language of Rule 13.-08, Tenn.R.Civ.P., which shows on its face that it is designed to afford "complete relief" as to the issues arising under a counterclaim or crossclaim. The rule was not designed to permit the litigation of a separate and distinct cause of action within the framework of an existing lawsuit. Nor may the third-party action be sustained un-

2. *See also* Rule 14, Tenn.R.Civ.P., relating to third-party practice.

der Rule 14, Tenn.R.Civ.P., for the self-evident reason that neither third-party defendant was answerable, under the theory, "for all or part of the plaintiff's claim against him."

In the present case, the original cause of action is that of a simple divorce. The State and the Commissioner of Finance and Administration are strangers to this litigation, and their presence as parties contributes nothing to its outcome.

We therefore find that the State and Mr. Jones were improperly joined under Rule 13.08 of the Tennessee Rules of Civil Procedure. We concur in the results reached by the trial judge.

In view of this disposition, it is not appropriate that we consider the remaining assignments.

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.