**KOEHRING COMPANY et al.,**
**Plaintiffs-Appellees,**

v.

**Brock ADAMS, Secretary, Department of Transportation, et al.,**
**Defendants-Appellants.**

**No. 78–2158.**

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 1979.

Decided July 17, 1979.

Rehearing Denied Sept. 25, 1979.

John F. Cordes, Dept. of Justice, Civil Div., Washington, D. C., for defendants-appellants.

Andrew O. Riteris, Milwaukee, Wis., for plaintiffs-appellees.

Before FAIRCHILD, Chief Judge, SPRECHER, Circuit Judge, and HOFFMAN, Senior District Judge.*

FAIRCHILD, Chief Judge.

This case arises from an agency definition of a "motor vehicle" subject to the requirements of the National Traffic and Motor Vehicle Safety Act (15 U.S.C. § 1381 *et seq.*)

* Senior District Judge Walter E. Hoffman of the Eastern District of Virginia is sitting by designation.

that is alleged to be in conflict with the definition provided by Congress in the Act itself. After the National Highway Traffic Safety Administration (hereafter "the agency") issued and circulated guidelines which stated, *inter alia*, that "vehicles which use the highway to move between work sites are motor vehicles," the plaintiffs, manufacturers of mobile construction equipment, instituted this declaratory judgment action in the district court. After certain facts had been stipulated, and cross-motions for summary judgment filed, the district court granted summary judgment to the plaintiffs. The defendants appeal from that judgment, challenging it not only on its merits but also raising, for the first time, questions of ripeness. We hold that the district court had jurisdiction, and affirm.

## RIPENESS

Declaratory judgment actions arising out of the actions and statements of administrative agencies often raise the question of whether or not the action is "ripe" for judicial review. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The question of ripeness may turn on largely discretionary, rather than jurisdictional, considerations, and there may be a possibility that the defendants have waived many of their arguments by their failure to raise them before the district court. We do not need to sort out the discretionary from the jurisdictional considerations, however (if indeed that sorting is possible), since we find this action ripe under the discretionary standards set forth in *Abbott Laboratories*.

■ *Abbott Laboratories* set forth two criteria for use in evaluating whether or not an action is ripe for judicial resolution. They are (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." 387 U.S. at 149, 87 S.Ct. at 1515. In evaluating the "fitness for judicial decision" we note the following:

(a) the agency's definition of "motor vehicle" has been in use since December 1973 and has been expressed not only in opinion letters sent to various manufacturers but also in a circular prepared and distributed by the agency.

(b) the circular itself does not suggest, nor does counsel argue, that the definition of a motor vehicle as including a vehicle "which uses the highway on a necessary and recurring basis to move between work sites" is in any way tentative or subject to further consideration by the agency. *Compare New York Stock Exchange v. Bloom*, 183 U.S.App.D.C. 217, 562 F.2d 736 (1977).

(c) the issue presented to the district court was a purely legal one: whether or not the agency's definition was inconsistent with the statutory definition of a motor vehicle as one "manufactured primarily for use in the public streets, roads and highways." 15 U.S.C. § 1391(3). The case was briefed, and decided, as exclusively one of statutory construction.

Given these facts, we find that the action was "fit" for judicial decision.

■ We then consider what the hardship to the parties would be if judicial intervention were withheld. This circuit has previously denied review where the challenged administrative actions were "part of an ongoing administrative process which ha[d] not [yet] culminated in a coercive order directed to the petitioners." *Bethlehem Steel v. U. S. Environmental Protection*, 536 F.2d 156, 164 (7th Cir. 1976). In *Bethlehem Steel* the only immediate injury claimed by the petitioners was that the agency action (the designation of certain Indiana counties as "air quality maintenance areas") would cause uncertainty in their business operations and diminish the value of their securities. 536 F.2d 162. We noted

"First, the claims are vague and speculative. They do not involve injuries on the order of the concrete immediate business costs which the Supreme Court relied on . . . in *Abbott Laboratories* . . . [Petitioners] need not expend any funds at this time since there is no administra-

tive directive to which they must comply, nor of course, do they face any sanctions for noncompliance.

"Furthermore, the hardship alleged here does not have the 'direct effect on the day-to-day business' of the petitioners which the Supreme Court found present in *Abbott Laboratories* . . . . No primary conduct is affected by the agency action challenged here. The only effect is on long range capital planning." 536 F.2d 163.

■ The situation faced by the plaintiffs here is much more immediate than that presented in *Bethlehem Steel.* If the plaintiffs' mobile cranes, etc., are "motor vehicles" then the plaintiffs must comply with the safety standards established by the implementing regulations in the manufacture of the vehicles. Failure to do so can ultimately result in an injunction prohibiting the sale of noncomplying vehicles and/or civil penalties (15 U.S.C. § 1398). Nor is the threat of enforcement merely theoretical: one of the plaintiffs was specifically threatened with an enforcement action when the company formally announced its intention not to certify its vehicles. That action was held in abeyance apparently only because this action was pending. Furthermore, at the time this action was filed in the district court, the regulations included an air brake standard, which could be complied with only at substantial cost to the plaintiffs. The agency's arguments that these costs will be passed on to customers rather than be borne directly by plaintiffs are not persuasive. Nor are we persuaded by the agency's argument that the action, which may have been ripe when it was filed, somehow became less ripe, thus divesting the court of whatever jurisdiction it may have had, when the Ninth Circuit invalidated the air brake standard two months before Judge Gordon issued his opinion. *Paccar, Inc. v. National Highway Traffic Safety*, 573 F.2d 632 (9th Cir. 1978).

■ Since *Abbott Laboratories* it has been clear that a party does not have to await an enforcement action before challenging an agency rule that has a direct

effect on the day-to-day operation of his business. *See K. Davis*, 1978 Supplement to Administrative Law Treatise § 21.00. Applying the standards set forth in *Abbott*, we conclude that the action was, and remains, one fit for judicial decision.

### THE MERITS

■ We cannot improve on Judge Gordon's thorough opinion, published at 452 F.Supp. 635, and affirm for the reasons stated therein.

The judgment appealed from is AFFIRMED.