**UNITED STATES of America, Plaintiff,**

v.

**ZIMMER PAPER PRODUCTS, INC., Defendant.**

**No. IP 88–194–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 27, 1989.

Daniel S. Jacobs, Environmental Enforcement Section, Washington, D.C., Carolyn N. Small, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff.

Barbara A. Fruehling, Bryan G. Tabler, Kenneth H. Inskeep, Barnes and Thornburg, Indianapolis, Ind., for defendant.

## ENTRY

DILLIN, District Judge.

This cause is before the Court on a motion by defendant, Zimmer Paper Products, Inc. ("Zimmer"), to dismiss plaintiff's complaint for failure to state a claim on which relief can be granted and on a motion by plaintiff to dismiss Zimmer's first amended counterclaim for lack of subject matter jurisdiction. For the following reasons, both motions are denied.

### Background

Plaintiff, the United States, filed this action on February 18, 1988, seeking an injunction and civil penalties pursuant to the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.* Plaintiff alleges that Zimmer, at its paper processing plant in Indianapolis, is violating standards for emission of volatile organic compounds ("VOCs") established by the Indiana State Implementation Plan ("SIP"), parts of which were approved by the United States Environmental Protection Agency ("EPA") on October 27, 1982.

On April 27, 1988, Zimmer moved to dismiss plaintiff's complaint, contending the United States has no standing to bring this action. Zimmer then filed an answer and counterclaim and, on July 8, 1988, moved for summary judgment on its counterclaim. On July 26, 1988, the United States moved to dismiss the counterclaim for lack of subject matter jurisdiction.

Then, on September 2, 1988, defendant Zimmer filed an amended answer and counterclaim, thereby rendering moot its July 8 summary judgment motion and the government's July 26 motion to dismiss, both of which were directed to the initial counterclaim filed on June 16, 1988.

On December 1, 1988, the United States filed a motion to dismiss Zimmer's amended counterclaim. Presently before the Court is this motion as well as Zimmer's motion to dismiss plaintiff's complaint, filed on April 27, 1988.

### Discussion

Zimmer's Motion to Dismiss Plaintiff's Complaint

■ Zimmer contends that the United States' complaint against it should be dis-

missed for failure to state a claim on which relief can be granted because the United States has no standing to bring this action. Zimmer asserts that § 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), the statute pursuant to which this lawsuit was filed, permits only the Administrator of the Environmental Protection Agency, and not the United States, to file such an action. This statute states:

> (b) Violations by owners or operators of major stationary sources
>
> The Administrator shall, in the case of any person which is the owner of or operator of a major stationary source, and may, in the case of any other person, commence a civil action for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day of violation, or both, whenever such person [violates specifically enumerated sections of the Clean Air Act].

42 U.S.C. § 7413(b).

Zimmer cites *United States v. Associated Electric Cooperative, Inc.*, 503 F.Supp. 92 (E.D.Mo.1980), in which the district court narrowly interpreted this statute as permitting a suit by only the Administrator of the EPA and precluding suit by the United States. The government, on the other hand, cites *United States v. Texaco, Inc.*, 16 Env't Rep.Cas. (BNA) 1142 (N.D. Ill.1980), where the United States District Court for the Northern District of Illinois reached the opposite conclusion on precisely the same issue and held that a Clean Air Act enforcement suit brought by the United States at the request of the EPA could go forward.

In resolving this issue, this Court finds first that § 113(b) of the Act must be read in conjunction with § 305, which provides in pertinent part:

> (a) Attorney General; attorneys appointed by Administrator
>
> The Administrator shall request the Attorney General to appear and represent him in any civil action instituted under this chapter to which the Administrator is a party....

> (b) Memorandum of understanding regarding legal representation
>
> In the event the Attorney General agrees to appear and represent the Administrator in any such action, such representation shall be conducted in accordance with, and shall include participation by, attorneys appointed by the Administrator to the extent authorized by, the memorandum of understanding between the Department of Justice and the Environmental Protection Agency, dated June 13, 1977, respecting representation of the agency by the department in civil litigation.

42 U.S.C. § 7605. In this case, plaintiff's complaint recites that this suit has been filed "at the request of the Administrator of the United States Environmental Protection Agency," reflecting the cooperation between the EPA and the Attorney General contemplated by the above statutory provisions.

The legislative history of these civil enforcement provisions of the Clean Air Act sheds further light on Congress' intent regarding the issue raised by Zimmer's motion. In amending the Clean Air Act in 1977, Congress was concerned about problems that had developed when Justice Department attorneys handled litigation on behalf of the Administrator to enforce the Act. *See* H.R.Rep. No. 294, 95th Cong., 1st Sess. 332–36, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1077, 1411–15. To alleviate this, the House Committee proposed an amendment that "the Administrator shall have exclusive authority to commence or defend, and supervise ... litigation ... in his own name...." *Id.*, 1977 U.S.Code Cong. & Admin.News at 1491. However, based on the June 13, 1977, memorandum of agreement between the two agencies referred to in § 305, this amendment was withdrawn in favor of the present provisions. *See* H.Conf.Rep. No. 564, 95th Cong., 1st Sess. 173–76, *reprinted in* 1977 U.S.Code Cong. & Admin.News at 1554–57. Thus, Congress considered and rejected vesting exclusive authority in the Administrator to litigate in his own name. In light of this clear legislative intent that civil actions to enforce clean air

standards be pursued cooperatively by the Administrator of the EPA and the Justice Department, the Court perceives no congressional intent that § 113(b) be construed as rigidly and narrowly as Zimmer urges. *Cf. United States v. Stuart*, 392 F.2d 60, 63 (3d Cir.1968) (where statute does not vest exclusive authority to litigate in agency administrator, United States is a proper party).

Moreover, the Court finds that the United States, and not the Administrator of the EPA, is the real party in interest in this litigation in that the Administrator is authorized to enforce the Clean Air Act for the benefit of the United States. Thus, pursuant to Rule 17(a), F.R.Civ.P., the United States is a proper plaintiff. *Cf. Stuart*, 392 F.2d at 63; *Waylyn Corp. v. United States*, 231 F.2d 544, 547 (1st Cir.), *cert. denied*, 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956); *United States v. Techno Fund, Inc.*, 270 F.Supp. 83, 85 (S.D.Ohio 1967) (United States is real party in interest in cases involving federal agencies).

Finally, the Court finds no prejudice to Zimmer in permitting this action to be litigated in the name of the United States. Accordingly, Zimmer's motion to dismiss plaintiff's complaint is denied.

United States' Motion to Dismiss Zimmer's Counterclaim

■ In its counterclaim, Zimmer alleges that the United States is illegally using a 1980 internal EPA memorandum, the "Rhoads memo," to interpret the Indiana standard for emission of VOCs, *see* Ind.Admin.Code tit. 26, r. 8–2–5(b), to impose upon Zimmer compliance methods far more onerous than the Indiana standard demands. Zimmer contends that the parties disagree about what kind of incinerator Zimmer must install to bring its facility into compliance. Zimmer believes that an incinerator that destroys 50% of VOCs would suffice, based on the language of the Indiana standard. However, according to Zimmer, the government is requiring an incinerator that captures 95% of the emissions, based on calculations made pursuant to the Rhoads memo. Zimmer claims that this application of the memo is giving the force and effect of law to a document that has never been properly promulgated as a binding regulation and subject to notice and comment rulemaking. Accordingly, Zimmer seeks a declaratory judgment that the government's application of the memo to interpret the Indiana standard is contrary to law, improper, and incorrect, and an injunction prohibiting the United States from so using the Rhoads memo to enforce the Clean Air Act. The United States has moved to dismiss the counterclaim for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 13(d) provides:

> (d) Counterclaim Against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims ... against the United States or an officer or agency thereof.

Thus, for Zimmer's counterclaim to be properly before this Court, there must be a basis for jurisdiction beyond the fact that the counterclaim arises out of the EPA enforcement action.

■ Zimmer asserts that jurisdiction is proper pursuant to the federal Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.* This statute provides in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof....

> The form of proceeding for judicial review ... includ[es] actions for declaratory judgments or writs of prohibitory or mandatory injunction ... in a court of competent jurisdiction.... Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

5 U.S.C. §§ 702–03. The government contends this Court has no jurisdiction pursuant to the APA because Zimmer's claim is not ripe and the EPA action complained of is not final agency action.

The courts have consistently held that a party's claim against an agency is ripe and fit for judicial review if the party is threatened with concrete hardship and the agency action complained of will have an immediate impact on its day to day affairs. *See, e.g., Natural Resources Defense Council v. Thomas,* 845 F.2d 1088, 1093 (D.C.Cir. 1988). According to the Seventh Circuit, an administrative issue is ripe for judicial review when an aggrieved party is necessarily forced to choose between incurring immediate business costs or facing sanctions for noncompliance. *Koehring Co. v. Adams,* 605 F.2d 280, 282–83 (7th Cir.1979); *see also Bethlehem Steel Corp. v. United States EPA,* 723 F.2d 1303, 1306 (7th Cir. 1983). Moreover, both the District of Columbia Court of Appeals and the Seventh Circuit have found that agency action based on a memo or informal guidelines is final enough for judicial review where there is no indication that the agency interpretation at issue is likely to be further modified by the agency. *See Natural Resources,* 845 F.2d at 1094, *Koehring,* 605 F.2d at 282.

In this case, Zimmer contends that unless the validity of the EPA's use of the Rhoads memo to interpret the Indiana air quality standard is determined, Zimmer will be forced to either install an incinerator that is far more expensive than Zimmer thinks is required or incur mounting fines for noncompliance. The EPA does not seriously dispute this contention. Furthermore, it is uncontroverted that the Rhoads memo was distributed to EPA regional offices in 1980 and there is no suggestion that the agency is contemplating modifying the policy expressed in the memo. Accordingly, because Zimmer is faced with immediate financial hardship and the EPA policy at issue seems not likely to change, the Court finds that Zimmer's counterclaim has the ripeness and finality necessary for judicial review pursuant to the APA.

█ The government further argues that the Rhoads memo is no more than an internal statement of general agency policy or at most an interpretive rule not subject to judicial review. However, the Court finds that whether the Rhoads memo is a policy statement, interpretive rule, or legislative rule masquerading as a policy statement is not dispositive of the jurisdictional issue at hand. Moreover, although EPA's interpretive rules may not be subject to notice and comment rulemaking, they are subject to judicial review. *See, e.g., United Technologies Corp. v. United States EPA,* 821 F.2d 714, 721 (D.C.Cir.1987); *General Motors Corp. v. Ruckelshaus,* 742 F.2d 1561, 1565–72 (D.C.Cir.1984), *cert. denied,* 471 U.S. 1074, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985).

█ Finally, the Court must consider whether a special jurisdictional provision of the Clean Air Act divests this court of jurisdiction of Zimmer's counterclaim. Section 7607(b) of 42 U.S.C. states in pertinent part:

(1) ... A petition for review of ... any other final action of the Administrator under this chapter ... may be filed only in the United States Court of Appeals for the appropriate circuit....

(2) Action of the Administrator with respect to which review could have been obtained under paragraph (1) shall not be subject to judicial review in civil or criminal proceedings for enforcement.

Thus, whether the court of appeals is the exclusive forum for review of Zimmer's claim depends on whether the claim addresses the kind of "final action of the Administrator" encompassed in § 7607(b)(1).

Reviewing this section in its entirety, the Court notes the section deals with judicial review of various air quality rules and standards that are formally promulgated, published, or otherwise officially noticed by the Administrator. For example, the section requires that a petition for review be filed in the court of appeals "within sixty days from the date notice of such promulgation, approval or action appears in the Federal Register, except [where] such petition is based solely on grounds arising after such sixtieth day...." 42 U.S.C. § 7607(b)(1). In this case, it is undisputed that the Rhoads memo is not a nationally applicable regulation that was officially

**1270**

promulgated by the Administrator, nor was it ever published in the Federal Register. The Court finds therefore that the EPA's distribution of the Rhoads memo and its alleged application in this case is not "final action of the Administrator" encompassed by § 7607(b)(1).

Thus, because Zimmer's counterclaim does not involve "action of the administrator with respect to which review could have been obtained under paragraph (1)," judicial review in the context of this civil enforcement proceeding is proper. Accordingly, the Court finds it has subject matter jurisdiction of Zimmer's counterclaim pursuant to the provisions of the APA discussed above, and plaintiff's motion to dismiss for lack of subject matter jurisdiction must be denied.

Plaintiff also seeks dismissal of the counterclaim for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6), F.R.Civ.P. However, plaintiff's entire argument here involves resolution of factual issues. Taking Zimmer's factual allegations as true, as the Court must on a Rule 12(b)(6) motion, plaintiff's motion to dismiss on this basis is denied.

For the foregoing reasons, Zimmer's motion to dismiss plaintiff's complaint and plaintiff's motion to dismiss Zimmer's counterclaim are both denied.