VALLEY FIDELITY BANK & TRUST
COMPANY, Plaintiff,

v.

Brown AYERS, et al., Defendants.

Brown AYERS, Third–Party
Plaintiff–Appellee,

v.

James ZUMWALT, Appellant and James
Bisceglia, Third–Party Defendants.

Court of Appeals of Tennessee,
Western Section, at Knoxville.

May 14, 1993.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 2, 1993.

Gordon D. Foster, Knoxville, for plaintiff.

George W. Morton, Jr., for defendants.

Robert L. Greene, Kingsport, for third-party defendant.

M. Lacy West, Kingsport, for third-party defendant appellant Zumwalt.

TOMLIN, Presiding Judge (Western Section).

The issue in this case is one of venue. Valley Fidelity Bank & Trust Co. ("plaintiff") filed suit in the Chancery Court of Knox County against Brown and Ginger Ayers ("defendants") seeking a judgment for a deficiency following a foreclosure sale of real estate owned by defendants, located in Sullivan County. Defendants filed a counter-complaint against plaintiff and a third-party complaint against James W. Zumwalt ("Zumwalt") and James Bisceglia ("Bisceglia"), alleging as to Zumwalt wrongful interference with the performance of a contract/business relationship. Zumwalt's motion to dismiss on the grounds of improper venue was denied by the trial court. Both the trial court and this court have granted Zumwalt's application for permission to appeal pursuant to Rule 9, T.R.A.P. The sole issue presented is whether or not the chancellor was in error in denying Zumwalt's motion to dismiss. We hold that the court was and we reverse.

The basic facts are not in dispute, and are taken from the pleadings. Defendants were the owners of real property located in Sullivan County. They borrowed money from plaintiff, to whom they gave a promissory note in the amount of $652,500, secured by a deed of trust on the property. The note was not paid when due, resulting in plaintiff foreclosing under the deed of trust. At foreclosure sale, the property brought $340,000, resulting in a deficiency of approximately $250,000. Plaintiff filed this action in Knox County to recover this deficiency.

In their answer, defendants denied owing any amount to plaintiff. They also filed third-party complaints against Zumwalt and Bisceglia. The thrust of the allegations against Bisceglia was breach of a contract between defendants and Bisceglia for the sale of the subject property. As to Zumwalt, then the City Manager of Kingsport, and a resident of Sullivan County, it is alleged that he brought about the breach of contract between them and Bisceglia and thus was guilty of tortious interference with a contract and/or business relationship. Defendants asked that they be granted a set-off to the claim of Bank and that they have judgment against each defendant on their respective claims.

Zumwalt filed a motion to dismiss, supported by his affidavit, which in essence transformed the motion into one for summary judgment. The motion was based upon two grounds. First, Zumwalt alleged that he was not a proper party to the action because, under the allegations of defendants' third-party complaint, Zumwalt could not be liable to defendants for all or part of the plaintiff's claim against them.

The second ground is that of venue. Zumwalt asserted that the claim made by defendants against him is one sounding in tort. The motion as well as the affidavit of Zumwalt states that he is and has been a resident of Sullivan County where the acts complained of by defendants took place. Therefore, under this set of facts, the proper venue for this third-party action would be Sullivan County, not Knox County.

T.R.C.P. 14.01 reads in pertinent part as follows:

**14.01. When Defendant May Bring in Third Party.**—At any time after commencement of the action of a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereafter called the

third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaim and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

(Emphasis added).

Cases from this jurisdiction interpreting the application of the quoted portion of 14.01 are scarce. Many of them deal with joint tortfeasors, which is not relevant to the case under consideration. Nonetheless, it has been held that a third-party complaint must set out the key requirement of Rule 14—that the third-party defendant is or may be liable to him for all or part of the plaintiff's claim against him. *Gaston v. State*, 558 S.W.2d 834 (Tenn.1977).

In 59 Am.Jur.2d, *Parties* § 193 and following, it is stated:

[A] third person may be impleaded only in circumstances that fall within the terms of the authorizing statute or rule. The theory of such statutes and rules is indemnity, that is, liability over from the third-party defendant to the original defendant; and, as generally stated, the statutes or rules may be used only to implead a person who is or may be secondarily liable to the original defendant for all or part of plaintiff's recovery....

Such provisions are purely permissive procedural devices. They do not create any substantive rights, or alter the underlying rules of liability, or establish the right of reimbursement, indemnity, or contribution.

*Id.* at 701–702.

Section 196 of the same volume reads as follows:

§ 196. **Relation of third-party claim to main action**

The test as to whether a third-party complaint may be maintained is whether the third-party defendant may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against the third-party plaintiff. It is not enough that the claim arises out of the same set of facts; the liability of the third-party defendant must arise from *the liability of the original defendant to the plaintiff.* In other words, the third-party claim must be related to the original cause of action, that is, it must arise out of the same transaction or series of transactions. The third-party claim must relate to liability respecting the claim asserted by the plaintiff, and not to an entirely unrelated liability of the third person to the defendant. It has generally been held that a defendant may not be added where the cross action sought to be set up against him or her is not germane to, founded upon, or connected with the subject matter of litigation between the plaintiff and the defendant. Thus, a third-party action cannot be maintained where an alleged indebtedness of the third party to the defendant did not arise out of, or have a causal connection with, the principal demand.... It has been said that the only instances providing a predicate for third-party practice are where the third-party plaintiff has a claim for indemnification, contribution, or subrogation. Under certain provisions, the third-party claim must arise out of the transaction or occurrence that is the basis of the plaintiff's claim and must contain common questions of fact (emphasis added).

Plaintiff's suit against defendants is for the purpose of recovering the balance due upon a promissory note executed by defendants to plaintiff. On the other hand, the defendants' third-party action against Zumwalt is for damages arising out of alleged tortious interference with a contractual or business relationship that involved a separate contract for the sale of a portion of the pledged property. In no way is Zumwalt's potential liability to defendant as a third-party plaintiff dependent upon the outcome of plaintiff's suit to collect the balance due on a promissory note executed by them. Under this state of facts, Zumwalt could not be impleaded as a third-party defendant by the original defendants.

We next address the question of venue. Venue in Chancery Court is controlled by T.C.A. § 16–11–114, entitled "Venue of Suits" and reads in pertinent part as follows:

The local jurisdiction of the Courts of Chancery is also subject to the following rules:

(1) The bill may be filed in the county in which the defendant or a material defendant resides, and if, upon inquiry at his residence, he is not to be found, he may be proceeded against by publication or judicial attachment.

T.C.A. § 20–4–101 provides as follows:

20–4–101. **Transitory actions.**—(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

Section 20–4–101 is a general venue statute governing transitory actions and applies when venue is not expressly provided for otherwise. *White v. Garner*, 192 Tenn. 429, 241 S.W.2d 518, 520 (1951). On the other hand, as we have noted, T.C.A. § 16–11–114 specifically governs actions in Chancery Court. A specific statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute. *Strader v. United Family Life Ins. Co.*, 218 Tenn. 411, 403 S.W.2d 765, 768 (1966).

The facts are uncontroverted that defendant's/third-party plaintiffs' claim against Zumwalt is one in tort. At the time the alleged tortious conduct took place, it took place in Sullivan County. At all times relevant to this claim, Zumwalt is and was a resident of Sullivan County. Accordingly, the proper venue for this claim is Sullivan County.

This conclusion is consistent with the following principles found in 77 Am.Jur.2d, Venue, § 29 (1975):

Where a defendant's cross action is based upon a cause of action which is severable and distinct from the cause of action asserted in the main action, the cross defendant or third-party defendant is entitled to be sued in the county where he resides.

Accordingly, the judgment of the trial court denying Zumwalt's motion to dismiss is reversed. Defendant's third-party action against Zumwalt is dismissed. Costs in this cause on appeal are taxed to defendants/third-party plaintiffs, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.