FILED
04/21/2017
Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 22, 2017 Session



## DAVID TURNER, ET AL v. KARL KENDRICK, ET AL. v. DANNY ANDERSON, ET AL.

### Appeal from the Chancery Court for Williamson County
No. 42527     James G. Martin, III, Judge

_____

### No. M2016-00884-COA-R3-CV

_____

This appeal arises from the dismissal of a third-party complaint, which was filed two years after the third-party plaintiffs filed its answer to the original complaint. The trial court found that the third-party plaintiffs failed to seek leave of the court to join the third-party defendants as required by Tennessee Rule of Civil Procedure 14.01. The trial court also determined that the third-party plaintiffs failed to state a claim which would support the trial court granting leave to file a third-party complaint, and, accordingly, dismissed the Appellants' third-party complaint. The third-party plaintiffs appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J. joined.

Joseph M. Barrett and Jordan B. Osborn, Dickson, Tennessee, for the appellants, Karl Kendrick and Stacey Kendrick.

David A. Bates, Spring Hill, Tennessee, for the appellee, Cindy Garvey.

## OPINION

### I.     Background

This appeal arises from a contract to purchase real estate. On September 30, 2012, David Turner and Tracy Maddox (together "Sellers") entered into a purchase and sale

agreement to purchase improved property from Karl and Stacey Kendrick ("Buyers," "Third-Party Plaintiffs," "Appellants"). On November 17, 2012, the parties entered into a separate purchase and sale agreement to purchase the adjoining vacant lot. Pursuant to the November 2012 agreement, Appellants were to purchase the adjoining lot for $75,000 within five days of the sale of their home. On December 12, 2012, the buyers purchased the improved property. On June 21, 2013, the Appellants sold their home but did not proceed to closing on the adjoining lot. On September 30, 2013, the Sellers filed a complaint against Buyers alleging breach of the November 2012 agreement. The Sellers sought specific performance and compensatory damages. On December 11, 2013, the Kendricks filed an answer and counter-complaint alleging breach of contract, misrepresentation, and violation of the Tennessee Consumer Protection Act on the part of the Sellers.

Two years later, on November 24, 2015, the Kendricks filed a third-party complaint against the third-party defendants Cindy Garvey (d/b/a United Country Leipers Fork), Danny Anderson, and Bob Parks Realty. Ms. Garvey was the agent representing the Kendricks during the negotiations for the purchase of the vacant lot. Appellants allege that Ms. Garvey breached the contract and violated the Tennessee Consumer Protection Act, as well as the Tennessee Real Estate Broker License Act by failing to advise them of the documents being signed throughout the negotiations and failing to disclose all facts of which she had knowledge with respect to the residential lot. It is undisputed that the Kendricks did not file a motion seeking leave of the court to file the third-party complaint. On January 11, 2016, Ms. Garvey filed a motion to dismiss the third-party complaint. On February 5, 2016, Mr. Anderson and Bob Parks Realty filed a joint motion to dismiss. The trial court heard the motions on February 19, 2016 and entered an order granting the motions to dismiss on March 15, 2016. The Kendricks appeal. Upon stipulation of the Kendricks, Mr. Anderson and Bob Parks Realty were dismissed from this appeal by order entered, by this Court, on November 21, 2016, thus leaving Cindy Garvey, d/b/a United Country Leipers Fork, as the sole Appellee.

## II. Issues

We restate Appellants' issues as follows:

1. Whether the trial court erred in dismissing the third-party complaint?

2. Whether a third-party defendant has grounds to dismiss an action under TRCP 14.01?

## III. Standard of Review

Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review *de novo* with no presumption of correctness. ***Lacy v. Cox***, 152 S.W.3d

480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. ***Garrison v. Bickford***, 377 S.W.3d 659, 663 (Tenn. 2012). In construing the Tennessee Rules of Civil Procedure, our goal is to ascertain and give effect to the Tennessee Supreme Court's intent in adopting these rules. ***Thomas***, 279 S.W.3d at 261; s*ee **State v. Mallard***, 40 S.W.3d 473, 480-81 (Tenn. 2001); *see also* Tenn. Code Ann. §§ 16-3-401 & 402 (1994). Our duty is to enforce the rule as written. ***Fair v. Cochran***, 418 S.W.3d 542, 544 (Tenn. 2013); s*ee **Waldschmidt v. Reassure Am. Life Ins. Co.***, 271 S.W.3d 173, 176 (Tenn. 2008).

Appellate courts review a trial court's ruling on a party's motion to file a third-party complaint under an abuse of discretion standard. ***Dayton v. Ackerman***, No. M2010-00922-COA-R3-CV, 2011 WL 5183763, at *5 (Tenn. Ct. App. Oct. 31, 2011) (citing ***Tennessee Farmers Mut. Ins. Co. v. Bradford***, No. 02A01-9711-CV-00284, 1999 WL 528835, at *7 (Tenn. Ct. App. July 23, 1999)). A trial court abuses its discretion "only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). Under this standard, we will not substitute our judgment for the judgment of the trial court. ***Id.*** The abuse of discretion standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and therefore "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." ***Allen v. Albea***, 476 S.W.3d 366, 373 (Tenn. Ct. App. 2015), *perm. app. denied* (Tenn. Sept. 16, 2015) (quoting ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 335 (Tenn. 2010)).

## IV. Analysis

Tennessee Rule of Civil Procedure 14.01 outlines when and how a defendant may bring in a third-party complaint:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff ***for all or part of the plaintiff's claim against the third-party plaintiff***. The third-party plaintiff need not obtain leave to make the service if the third-party complaint is filed not later than 10 days after service of the third-party plaintiff's original answer. Otherwise ***the third-party plaintiff must obtain leave on motion upon notice to all parties to the action***. . . . Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to the third-party defendant for all or part of the claim made in the action against the

third-party defendant.

Tenn. R. Civ. P. 14.01 (emphasis added).

Appellants' third-party complaint alleges "that septic and sewage disposal system for the residential lot is defective and not suitable for normal use. Furthermore, the residential lot is subject to flooding following periods of moderate or heavy rain. . . ." With regard to the Appellee, the complaint specifically alleges that "as agent and broker for the [Appellants], [Appellee] owed a duty . . . to diligently exercise reasonable skill and care in providing services as agent to the [Appellants], disclose any adverse facts of which she had knowledge, provide services with honesty and good faith, be loyal to the interests of the clients, and to disclose all known adverse facts pertaining to the property. . . ." Ultimately, the Appellants allege that Appellee's negligence caused the litigation between the Appellants and the Sellers, causing Appellants to incur "substantial costs" in defending the litigation. Appellants argue that because all of the claims involved arise from the same transaction, any liability Appellants have to the Sellers is the direct result of Appellee's alleged negligence and statutory violations. For these reasons, Appellants argue that impleader is proper and should be permitted in order to ascertain liability.

Appellee argues that Appellants failed to state a legal basis on which the third-party defendants could be held liable for all or part of the original plaintiffs' claim. Specifically, Appellee argues that the third-party complaint asserts an independent cause of action against Appellee, (*i.e.*, that but for the alleged negligence of Appellee, the Kendricks would not have been involved in the instant litigation and would not have incurred litigation costs). The third-party complaint does not seek to have Appellee held liable for all or part of the original plaintiffs' claim. Instead, the third-party complaint seeks a judgment in favor of the Appellants for damages resulting from the alleged negligence of Appellee.

In making its ruling, the trial court relied on *Valley Fid. Bank & Trust Co. v. Ayers*, 861 S.W.2d 366 (Tenn. Ct. App. 1993), *perm. app. denied* (Tenn. Aug. 2, 1993), in which we opined that "a third-party action cannot be maintained where an alleged indebtedness of the third-party to the defendant did not arise out of, or have a causal connection with, the principal demand. . . . It has been said that the only instances providing a predicate for third-party practice are where the third-party plaintiff has a claim for indemnification, contribution, or subrogation." *Id.* at 368. "Under certain provisions, the third-party claim must arise out of the transaction or occurrence that is the basis of the plaintiff's claim and must contain common questions of fact." *Id.* In the present case, the trial court stated in its order:

[T]he third-party complaint fails to otherwise allege grounds cited by the Tennessee Court of Appeals in *Valley Fid. Bank & Trust Co. v. Ayers*, in which it held that "the only instances providing a predicate for third-party

- 4 -

practice are where the third-party plaintiff has a claim for indemnification, contribution, or subrogation." 861 S.W.2d 366, 368 (Tenn. Ct. App. 1993)(citing 59 Am. Jur. 2d, Parties at §196).

First the court finds that there is no allegation whatsoever by Karl and Stacey Kendrick (the third- party plaintiffs) that they have a claim for indemnification from the third-party defendants, nor do they otherwise allege a factual basis for indemnification. Second, there is no allegation whatsoever by the Kendricks that they have a claim for contribution from the third-party defendants, nor do they otherwise allege a factual basis for contribution. Third, there is no allegation whatsoever by the Kendricks that they have a claim for subrogation against the third-party defendants, nor do they otherwise allege a factual basis for subrogation. The Court further notes that the third-party plaintiffs have failed to cite any case supporting a basis for third-party action other than the grounds stated in ***Valley Fid. Bank & Trust Co. v. Ayers***. Therefore, as the third-party complaint fails to state a claim upon which relief can be granted, the same must be dismissed as a matter of law.

In their third-party complaint, Appellants allege that Appellee breached the contract and violated the Tennessee Consumer Protection Act, as well as the Tennessee Real Estate Broker License Act. Appellants do not allege a claim for indemnification, subrogation, or contribution, nor does the complaint present a fact pattern that would support such a claim. Accordingly, we conclude that the trial court properly dismissed Appellants' third-party complaint.

Appellants also question whether a third-party defendant has grounds to dismiss an action under Tennessee Rule of Civil Procedure 14.01 and argue that their third -party complaint should be severed pursuant to Rule 14.01 rather than dismissed. The language of Tennessee Rule of Civil Procedure 14.01 is plain and unambiguous. The rule clearly states that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." Therefore, Appellee was within her right to request the dismissal of Appellant's third-party claim under this rule.

The trial court addressed Appellants' argument that the third-party claim should have been severed or consolidated as follows:

In response to the motions to dismiss, third-party plaintiffs argue that the third-party proceeding is proper because, even if they had filed a separate action against the third-party defendants, consolidation of such action with the present action would be proper under TRCP 42.01. First, the court notes that consolidation of two actions would only become an issue if the actions are proper, here, the court has found that this third-party

action is not proper. Second, the court would note TRCP 42.01 provides that it is this court, not the litigants, who has the authority to decide whether two or more actions should be consolidated; in other words, a presumed action of the court is not a basis for by-passing the court's authority. The third-party plaintiffs also argued that, pursuant to Rule 19.01 Tenn. R. Civ. P., once they assert a property third-party claim, they may join additional claims that they may have against the third-party defendants. The court finds that the third-party plaintiffs failed to state a proper third-party claim in the first place, however, and therefore Rule 19.01 is not applicable.

Appellees argue that Tennessee Rule of Civil Procedure 14.01 allows a third-party plaintiff to file a third-party complaint "if the third-party complaint is filed not later than 10 days after service of the third-party plaintiff's original answer." However, if a third-party plaintiff waits longer than 10 days, the rule plainly states that "the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." Tenn. R. Civ. P. 14.01. In this case, Appellants waited almost two years to file their third-party complaint, and they did so without permission from the trial court. In addressing this issue, the trial court stated:

> The requirements of Rule 14.01 are very plain that, whenever a litigant waits more than 10 days after their Answer to file a third-party action (as in this case, where they waited almost two years), a motion for leave must be filed and that it is the court, not a party, who decides whether a third-party action will be allowed.
>
> In the present case, the third-party plaintiffs admit that no motion seeking leave to implead third-parties was ever filed. Moreover, this court never granted leave for the third-party plaintiffs to file their third-party complaint; no order was ever entered by Judge Martin permitting the filing of the third-party complaint. The court only speaks through its order. Therefore, as the third-party complaint was filed without this Court's leave on motion, the third-party complaint must be dismissed based upon this additional ground.

Here, Appellants presented no reason for the two year delay in filing their third-party complaint. We must review the trial court's decision as a "choice among several acceptable alternatives." *Allen*, 476 S.W.3d at 373. After waiting nearly two years, Appellants filed a third-party claim without seeking leave from the trial court as required by the rules of civil procedure. Furthermore, the third-party complaint filed by Appellants did not allege a claim for indemnification, subrogation, or contribution, nor did the complaint present a fact pattern that would support such a claim. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Appellants' third-party complaint.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. We remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellants, Karl and Stacey Kendrick, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE